## STATE vs. JAMES A. FOSTER.

### PROVIDENCE—MARCH 27, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Criminal Law. Judicial Notice.*

In charging an offence in violation of a statute in an indictment, the use of the participial form of averment, "being then and there &c:" is sufficient, without a direct and positive averment.

An indictment charged that the defendant "on the    day of    , A. D.    , with force and arms, at Woonsocket, in the aforesaid county of Providence, being then and there an itinerant vendor, did then and there engage in a temporary and transient business." Upon demurrer alleging that the indictment did not aver that the defendant was doing a temporary and transient business in the State of Rhode Island :—

*Held*, the language quoted was a sufficient charge that the defendant was doing a temporary and transient business in said State.

INDICTMENT charging the offence described in opinion. Heard on demurrer to indictment. Demurrer overruled.

(1)    PER CURIAM. Our opinion is that the indictment sufficiently states an offence against Gen. Laws R. I. cap. 163,

as amended by Pub. Laws R. I. cap. 326. The defendant's
·contention is that the words " being then and there an itiner-
ant vendor" do not sufficiently charge that the ·defendant
was an itinerant vendor, but that the averment should be
·in positive terms that the defendant was then and there an
itinerant vendor. The participial form is, however, often
·employed, and that it is sufficient see 1 Bish. Crim. Prac.
§§ 306–7.

The defendant also contends that the indictment is bad
because it is not averred that the defendant was doing a
temporary or transient business in this State. But the in-
dictment charges that the defendant "on the eighth (8) day
of December, A. D. 1897, with force and arms at Woon-
socket, in the aforesaid county of Providence, . . . . .
did then and there engage in a temporary and transient
business, and did for the purpose of carrying on said business
hire, lease and occupy a certain building and structure in
said Woonsocket for the exhibition and sale of certain goods,
wares and merchandise, and did then and there expose for
sale and sell at public auction certain goods, wares and mer-
chandise, to wit, a pair of opera glasses," &c. We think
this is a sufficient charge that the defendant was doing a
temporary and transient business in this State.

Demurrer overruled, and case remitted to the Common
Pleas Division for further proceedings.

*Willard B. Tanner, Attorney-General,* for the State.
*Wilson & Jenckes,* for defendant.